Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ISRAEL MORALES and JUAN MALDONADO, individually
and on behalf of all others similarly situated,

        Plaintiffs,

-against-

RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE
LLC, LBS MAINTENANCE CORP., and BARRY CALDWELL
and JOSE ALVAREZ, as individuals,

        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **ISRAEL MORALES and JUAN MALDONADO**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ISRAEL MORALES and JUAN MALDONADO**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, LBS MAINTENANCE CORP., and BARRY CALDWELL and JOSE ALVAREZ, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, and LBS MAINTENANCE CORP., located at 430 3rd Avenue, Brooklyn, New York 11215.

1

3. Plaintiff **ISRAEL MORALES** was employed by Defendants from in or around January 2018 until in or around January 2020.

4. Plaintiff **JUAN MALDONADO** was employed by Defendants from in or around July 2018 until in or around August 2019.

5. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

10. Plaintiff ISRAEL MORALES resides at 104-63 44th Avenue, Queens, New York 11368, and was employed by Defendants from in or around January 2018 until in or around January 2020.

11. Plaintiff JUAN MALDONADO resides at 69 Albemarle Avenue, Hempstead, New York 11550, and was employed by Defendants from in or around July 2018 until in or around August 2019.

12. Upon information and belief, Defendant, RISE DEVELOPMENT PARTNERS, LLC, is a corporation organized under the laws of New York with a principal executive office at 430 3rd Avenue, Brooklyn, New York 11215.

13. Upon information and belief, Defendant, RISE DEVELOPMENT PARTNERS, LLC, is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant BARRY CALDWELL owns and/or operates RISE DEVELOPMENT PARTNERS, LLC.

15. Upon information and belief, Defendant BARRY CALDWELL is the Chief Executive Officer of RISE DEVELOPMENT PARTNERS, LLC.

16. Upon information and belief, Defendant BARRY CALDWELL is an agent of RISE DEVELOPMENT PARTNERS, LLC.

17. Upon information and belief, Defendant BARRY CALDWELL has power over personnel decisions at RISE DEVELOPMENT PARTNERS, LLC.

18. Upon information and belief, Defendant BARRY CALDWELL has power over payroll decisions at RISE DEVELOPMENT PARTNERS, LLC.

19. Upon information and belief, Defendant BARRY CALDWELL has the power to hire and fire Plaintiffs, establish and pay their wages, set their work schedule, and maintains their employment records at RISE DEVELOPMENT PARTNERS, LLC.

20. BARRY CALDWELL would frequently visit the job sites for RISE DEVELOPMENT PARTNERS, LLC to supervise the work being performed by Plaintiffs and would instruct Defendant JOSE ALVAREZ to tell Plaintiffs what to do at the job sites.

21. BARRY CALDWELL would be responsible for distributing the pay to Plaintiffs during their employment at RISE DEVELOPMENT PARTNERS, LLC.

22. BARRY CALDWELL was responsible for determining which job sites Plaintiffs would report to each day during their employment at RISE DEVELOPMENT PARTNERS, LLC.

23. Upon information and belief, Defendant JOSE ALVAREZ is a foreman for RISE DEVELOPMENT PARTNERS, LLC.

24. Upon information and belief, Defendant JOSE ALVAREZ was responsible for supervising Plaintiffs on job sites at RISE DEVELOPMENT PARTNERS, LLC.

25. Upon information and belief, Defendant JOSE ALVAREZ was responsible for determining the start and end times of each shift for Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.

26. Upon information and belief, Defendant JOSE ALVAREZ was responsible for giving Plaintiffs their pay at RISE DEVELOPMENT PARTNERS, LLC.

27. Upon information and belief, Defendant JOSE ALVAREZ had the power to terminate Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.
28. Upon information and belief, Defendant JOSE ALVAREZ would instruct Plaintiffs on what work to perform on job sites for RISE DEVELOPMENT PARTNERS, LLC.
29. Upon information and belief, Defendant, RISE CONCRETE LLC, is a corporation organized under the laws of New York with a principal executive office at 430 3rd Avenue, Brooklyn, New York 11215.
30. Upon information and belief, Defendant, RISE CONCRETE LLC, is a corporation authorized to do business under the laws of New York.
31. Upon information and belief, Defendant BARRY CALDWELL owns and/or operates RISE CONCRETE LLC.
32. Upon information and belief, Defendant BARRY CALDWELL is the Chief Executive Officer of RISE CONCRETE LLC.
33. Upon information and belief, Defendant BARRY CALDWELL is an agent of RISE CONCRETE LLC.
34. Upon information and belief, Defendant BARRY CALDWELL has power over personnel decisions at RISE CONCRETE LLC.
35. Upon information and belief, Defendant BARRY CALDWELL has power over payroll decisions at RISE CONCRETE LLC.
36. Upon information and belief, Defendant BARRY CALDWELL has the power to hire and fire Plaintiffs, establish and pay their wages, set their work schedule, and maintains their employment records at RISE CONCRETE LLC.
37. BARRY CALDWELL would frequently visit the job sites for RISE CONCRETE LLC to supervise the work being performed by Plaintiffs and would instruct JOSE ALVAREZ to tell Plaintiffs what to do at the job sites.
38. BARRY CALDWELL would be responsible for distributing the pay to Plaintiffs during their employment at RISE CONCRETE LLC.
39. BARRY CALDWELL was responsible for determining which job sites Plaintiffs would report to each day during their employment at RISE CONCRETE LLC.
40. Upon information and belief, Defendant JOSE ALVAREZ is a foreman for RISE DEVELOPMENT PARTNERS, LLC.

41. Upon information and belief, Defendant JOSE ALVAREZ was responsible for supervising Plaintiffs on job sites at RISE DEVELOPMENT PARTNERS, LLC.
42. Upon information and belief, Defendant JOSE ALVAREZ was responsible for determining the start and end times of each shift for Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.
43. Upon information and belief, Defendant JOSE ALVAREZ was responsible for giving Plaintiffs their pay at RISE DEVELOPMENT PARTNERS, LLC.
44. Upon information and belief, Defendant JOSE ALVAREZ had the power to terminate Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.
45. Upon information and belief, Defendant JOSE ALVAREZ would instruct Plaintiffs on what work to perform on job sites for RISE DEVELOPMENT PARTNERS, LLC.
46. Upon information and belief, Defendant, LBS MAINTENANCE CORP., is a corporation organized under the laws of New York with a principal executive office at 430 3rd Avenue, Brooklyn, New York 11215.
47. Upon information and belief, Defendant, LBS MAINTENANCE CORP., is a corporation authorized to do business under the laws of New York.
48. Upon information and belief, Defendant BARRY CALDWELL owns and/or operates LBS MAINTENANCE CORP.
49. Upon information and belief, Defendant BARRY CALDWELL is the Chief Executive Officer of LBS MAINTENANCE CORP.
50. Upon information and belief, Defendant BARRY CALDWELL is an agent of LBS MAINTENANCE CORP.
51. Upon information and belief, Defendant BARRY CALDWELL has power over personnel decisions at LBS MAINTENANCE CORP.
52. Upon information and belief, Defendant BARRY CALDWELL has power over payroll decisions at LBS MAINTENANCE CORP.
53. Upon information and belief, Defendant BARRY CALDWELL has the power to hire and fire Plaintiffs, establish and pay their wages, set their work schedule, and maintains their employment records at LBS MAINTENANCE CORP.

54. BARRY CALDWELL would frequently visit the job sites for LBS MAINTENANCE CORP. to supervise the work being performed by Plaintiffs and would instruct JOSE ALVAREZ to tell Plaintiffs what to do at the job sites.

55. BARRY CALDWELL would be responsible for distributing the pay to Plaintiffs during their employment at LBS MAINTENANCE CORP.

56. BARRY CALDWELL was responsible for determining which job sites Plaintiffs would report to each day during their employment at LBS MAINTENANCE CORP.

57. Upon information and belief, Defendant JOSE ALVAREZ is a foreman for RISE DEVELOPMENT PARTNERS, LLC.

58. Upon information and belief, Defendant JOSE ALVAREZ was responsible for supervising Plaintiffs on job sites at RISE DEVELOPMENT PARTNERS, LLC.

59. Upon information and belief, Defendant JOSE ALVAREZ was responsible for determining the start and end times of each shift for Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.

60. Upon information and belief, Defendant JOSE ALVAREZ was responsible for giving Plaintiffs their pay at RISE DEVELOPMENT PARTNERS, LLC.

61. Upon information and belief, Defendant JOSE ALVAREZ had the power to terminate Plaintiffs at RISE DEVELOPMENT PARTNERS, LLC.

62. Upon information and belief, Defendant JOSE ALVAREZ would instruct Plaintiffs on what work to perform on job sites for RISE DEVELOPMENT PARTNERS, LLC.

63. During all relevant times herein, Defendant BARRY CALDWELL was Plaintiffs' employer within the meaning of the FLSA and NYLL.

64. During all relevant times herein, Defendant JOSE ALVAREZ was Plaintiffs' employer within the meaning of the FLSA and NYLL.

65. On information and belief, RISE DEVELOPMENT PARTNERS, LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

66. On information and belief, RISE CONCRETE LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

67. On information and belief, LBS MAINTENANCE CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

68. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

69. At all times relevant to this action, Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiffs.

70. Upon information and belief, Defendants RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, and LBS MAINTENANCE CORP. shared common management, as all are operated by individual Defendants BARRY CALDWELL.

71. Upon information and belief, Defendants RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, and LBS MAINTENANCE CORP. shared common ownership, as all are owned by individual Defendants BARRY CALDWELL and JOSE ALVAREZ.

72. Upon information and belief, Defendants RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, and LBS MAINTENANCE CORP. shared the same pay practices to pay employees and payroll systems to pay employees.

73. Upon information and belief, Defendants RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, and LBS MAINTENANCE CORP. functioned as a single integrated enterprise.

## FACTUAL ALLEGATIONS

74. Plaintiffs are two former employees of Defendants who performed construction and carpentry duties at various job sites through New York City.
75. Plaintiffs regularly worked six (6) day per week for Defendants and approximately twelve hours (12) per day during their employment.
76. Plaintiffs regularly began work at 7:00 a.m. and would work until 7:00 p.m. or 8:00 p.m. on job sites for Defendants.
77. All workers on Defendants' job sites would generally start and finish work at the same time each day.
78. Plaintiff ISRAEL MORALES was employed by Defendants from in or around January 2018 until in or around January 2020.
79. During Plaintiff ISRAEL MORALES'S employment by Defendants, Plaintiff was a carpenter and construction worker, while performing other miscellaneous duties from in or around January 2018 until in or around January 2020.
80. Plaintiff ISRAEL MORALES worked approximately seventy-two (72) hours per week during his employment by Defendants from in or around January 2018 until in or around January 2020.
81. Plaintiff ISRAEL MORALES was paid by Defendants approximately $35.00 per hour from in or around January 2018 until in or around January 2020.
82. Although Plaintiff ISRAEL MORALES worked approximately seventy-two (72) hours per week during the period of his employment by Defendants from in or around January 2018 until in or around January 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
83. Plaintiff JUAN MALDONADO was employed by Defendants from in or around July 2018 until in or around August 2019.

84. During Plaintiff JUAN MALDONADO' employment by Defendants, Plaintiff was a carpenter and construction worker, while performing other miscellaneous duties from in or around July 2018 until in or around August 2019.
85. Plaintiff JUAN MALDONADO worked approximately seventy-two (72) hours per week during his employment by Defendants from in or around July 2018 until in or around August 2019.
86. Plaintiff JUAN MALDONADO was paid by Defendants approximately $28.00 per hour from in or around July 2018 until in or around August 2019.
87. Although Plaintiff JUAN MALDONADO worked approximately seventy-two (72) hours per week during the period of his employment by Defendants from in or around July 2018 until in or around August 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
88. In addition to not being paid proper overtime rates of one-and-a-half hours their regular hourly rates when working in excess of 40 hours, Plaintiffs would not be compensated at all for some hours of overtime work.
89. Plaintiffs regularly would be missing three or four hours from their pay during certain weeks of their employment. For those hours, Plaintiffs would not receive any compensation at all.
90. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
91. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
92. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

93. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

94. Collective Class: All persons who are or have been employed by the Defendants as carpenters, construction workers, general laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

95. Upon information and belief, Defendants employed over 50 employees within the past three years subjected to similar payment structures.

96. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

97. Defendants' unlawful conduct has been widespread, repeated, and consistent.

98. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

99. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

100. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

101. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

102. The claims of Plaintiffs are typical of the claims of the putative class.

103. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

104. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

107. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

108. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

109. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

110. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

111. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

112. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

113. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

114. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

115. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

116. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

118. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

119. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

120. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

121. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

122. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

123. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

124. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

125. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

126. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

127. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

129. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid spread of hours compensation;

d. Awarding Plaintiffs unpaid wages;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 4th day of August 2020.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――
ISRAEL MORALES and JUAN MALDONADO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

RISE DEVELOPMENT PARTNERS, LLC, RISE CONCRETE LLC, LBS MAINTENANCE CORP., and BARRY CALDWELL and JOSE ALVAREZ, as individuals,

Defendants.
―――――――――――――――――――――――――――――

COLLECTIVE ACTION COMPLAINT
―――――――――――――――――――――――――――――

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

―――――――――――――――――――――――――――――

TO:

**RISE DEVELOPMENT PARTNERS, LLC**
**430 3rd AVENUE**
**BROOKLYN, NEW YORK 11215**

**2737 OCEAN AVENUE**
**BROOKLYN, NEW YORK 11229**

**RISE CONCRETE LLC**
**430 3rd AVENUE**
**BROOKLYN, NEW YORK 11215**

**2737 OCEAN AVENUE**
**BROOKLYN, NEW YORK 11229**

**LBS MAINTENANCE CORP.**
**430 3rd AVENUE**
**BROOKLYN, NEW YORK 11215**

**2737 OCEAN AVENUE**
**BROOKLYN, NEW YORK 11229**

**BARRY CALDWELL**
**430 3rd AVENUE**
**BROOKLYN, NEW YORK 11215**

**2737 OCEAN AVENUE**
**BROOKLYN, NEW YORK 11229**

**JOSE ALVAREZ**
**430 3rd AVENUE**
**BROOKLYN, NEW YORK 11215**

**2737 OCEAN AVENUE**
**BROOKLYN, NEW YORK 11229**